UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
NOV 0 6 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| STEVE ALLEN HICKEY | § § | |
| vs. | § | NO: PE:15-CV-00047-RAJ |
| DAVID G. McCOMIS | § § | |

**ORDER *SUA SPONTE* DISMISSING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY FOR WANT OF PROSECUTION**

**BEFORE THE COURT** is Petitioner Hickey's ("Petitioner") Application for Writ of Habeas Corpus by a Person in State Custody filed pursuant to Title 28 U.S.C. §2254 ("Application"). After careful consideration, the Court will dismiss the Application for want of prosecution.

**Facts & Procedural History**

By way of background, Petitioner's Application was received by the Court on July 30, 2015. [docket number 1]. On September 29, 2015, this Court denied Petitioner's application to proceed *in forma pauperis* and ordered him to pay the $5.00 filing fee within thirty days of that order. [docket number 9]. Thirty days passed and Petitioner did not respond to the Court's order to pay the filing fee. The Court had warned Petitioner that his case would be dismissed for want of prosecution if he failed to pay the filing fee. [*Id.*]. The record reflects that the September 29, 2015 Order was not returned as undeliverable to the Clerk's Office, nor has Petitioner requested additional time to respond to the Order. The record further reflects that Petitioner has not complied with the September 29, 2015 Order in any fashion.

**Discussion**

The issue before the Court is one of procedure created by Petitioner's lack of involvement in his own litigation and his failure to respond to the September 29, 2015 Order. The Court is given the authority to enter an involuntary dismissal "[f]or failure of the Petitioner to prosecute or to comply with these rules or any order of the court" pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

1988). In this case, Petitioner has ignored the Court's September 29, 2015 Order by not responding. Petitioner is not excused for this failure because there is no evidence that he has not received this Order or that he requested additional time to respond and this Court has yet to grant said request. These facts show Petitioner's complete failure to prosecute his suit.

The Court finds that the only remedy available in light of Petitioner's inaction is to dismiss the Application for want of prosecution under Rule 41(b). For the same reasons, the Court further finds that the Application shall be dismissed in the interest of judicial economy. The Court shall dismiss the Application without prejudice to allow Petitioner another opportunity to raise his claims, if necessary. *Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice"). Therefore, Petitioner's Application shall be dismissed for want of prosecution without prejudice.

### Certificate of Appealability

Before an appeal from the dismissal or denial of a §2254 or §2255 habeas application, a petitioner must first obtain a COA which will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). It is well-established that [a] petitioner makes a 'substantial showing' when he demonstrates that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Johnson*, 123 S. Ct. 1029 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The severity of the penalty at issue does not, in and of itself, *require* the issuance of a COA. *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert denied*, 531 U.S. 831 (2000). If a district court grants a COA, it must "indicate which specific issue or issues satisfy the showing required." 28 U.S.C. §2253(c)(3); *see also Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998).

Petitioner fails to demonstrate a substantial showing of the denial of a constitutional right. And the Court finds that Petitioner has failed to demonstrate that jurists of reason could disagree with the district court's findings or that the questions are adequate to deserve encouragement to proceed further. Therefore, a **CERTIFICATE OF APPEALABILITY WILL NOT ISSUE IN THIS CASE.**

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Application for Writ of Habeas Corpus by a Person in State Custody filed pursuant to Title 28 U.S.C. §2254 is **DISMISSED** for **WANT OF PROSECUTION AND A CERTIFICATE OF APPEALABILITY WILL NOT ISSUE IN THIS CASE.**

**SIGNED** on this 6th day of November, 2015.

_____
Robert Junell
Senior United States District Court Judge